(No. 2430—

GEORGE CUMMINS, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed May 14, 1935.

JAMES N. CUMMINGS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

By his claim plaintiff seeks an award of One Thousand Six Hundred Three and 30/100 Dollars for injuries received while engaged by the State in highway maintenance work, on the 26th day of July, 1933.

The record discloses that on said date while employed on Route No. 76 near Kewanee, Illinois, claimant stepped out from behind a State highway truck and was struck by a passing automobile driven by one J. B. Moorhouse of Pekin, Illinois, receiving three fractures to the left leg, also injuries to the right side of his head. He was taken to the St. Francis Hospital at Kewanee, Illinois where he was treated by Dr. Warren T. Heaps. He was thereafter treated by Dr. H. E. Cooper of Peoria, Illinois. The former's bill, stated in the complaint to have been $494.00—the hospital bill of $283.00 and Dr. Cooper's bill to the date of the hearing, i. e. February 20, 1935 in the amount of approximately $148.00 have all been paid by the State.

A report by Dr. Cooper of an examination made of claimant on September 12, 1934 appearing by stipulation in the record is as follows:

"The above man who had a delayed union in a fracture of both bones of the left leg has finally obtained a solid bony union. The X-ray taken yesterday shows, without question, a firm union. The man still has some loss of dorsal flexion of the foot, in other words, his heel cord is still somewhat short. He is still wearing a brace which will have to be worn for another few weeks.

"At present he has about 50% loss of function in the leg. It would be unwise to close this case at present as I believe the leg will improve rather rapidly in the next two months and that his disability will be considerably decreased."

Claimant was examined by Dr. H. B. Knowles on December 28, 1934 and the latter's report thereof states that a permanent disability of the left leg of 25 to 30 per cent exists. It further appears by said stipulation that claimant has been paid Five Hundred Seventy-five Dollars ($575.00) as compensation. Claimant's wages were Eighteen and 90/100 Dollars ($18.90) per week. Claimant contends for temporary total disability from July 26, 1933 for a total period of seventy-four (74) weeks and for permanent partial disability of "25 or 30 per cent of full compensation for one hundred sixteen (116) weeks."

Plaintiff's employment and injuries as disclosed by the record entitle him to compensation, but not on the basis applied for in the complaint, or as contended for in counsel's Statement, Brief and Argument.

Under Section 8 (e) of the Workmen's Compensation Act the employee is entitled to compensation for the period of temporary total incapacity for work resulting from his injuries—for a period not to exceed sixty-four (64) weeks, and in addition thereto specific compensation under Section 8 (e) 15-17 for the permanent partial loss of use of said left leg of from 25 to 30 per cent thereof.

AN AWARD IS THEREFORE ALLOWED as follows:

For 64 weeks total temporary disability at 50% of the average weekly wage, i. e. one-half (½) of $18.90 or $9.45..... $604.80
Less amount heretofore paid............................. 575.00

Balance due for temporary disability.................. $ 29.80
Allowance of 27½% for permanent loss of use of leg....... 493.76

Total ............................................... $523.56

As there is no feasible way in which such award can be made payable in future weekly or monthly payments and the entire amount will necessarily be paid in a lump sum, same is therefore commuted under the Commutation Tables of the Workmen's Compensation Act and an award is hereby recommended, as so commuted, in the sum of Five Hundred Thirteen and 87/100 Dollars ($513.87).